UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-cv-23572-LENARD/O'SULLIVAN

TERESA DOE, as parent and natural
guardian of JANE DOE, a minor,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## REPORT OF GUARDIAN AD LITEM, DAVID L. DEEHL ON PROPOSED MINOR'S SETTLEMENT

Pursuant to the Honorable Joan Lenard's Order of October 26, 2012, David L. Deehl, Guardian Ad Litem, serves this his report to the Court, pursuant to Florida Statutes Section 744.387,[1] and this Honorable Court's Order of October 26, 2012 appointing him [DE 11], and

---

[1] §744.387. Settlement of claims  (1) When a settlement of any claim by or against the guardian, whether arising as a result of personal injury or otherwise…before or after appointment of a guardian, is proposed…the court may enter an order authorizing the settlement if satisfied that the settlement will be for the best interest of the ward. The order shall relieve the guardian from any further responsibility in connection with the claim or dispute when the settlement has been made in accordance with the order... (2) In the same manner as provided in subsection (1) or as authorized by s. 744.301, the natural guardians or guardian of a minor may settle any claim by or on behalf of a minor that does not exceed $ 15,000 without bond. A legal guardianship shall be required when the amount of the net settlement to the ward exceeds $ 15,000.  (3) (a) No settlement after an action has been commenced by or on behalf of a ward shall be effective unless approved by the court having jurisdiction of the action.  Fla. Stat. § 744.387(2012).

states as follows:

## REVIEW

1. I have served as a Guardian Ad Litem for minor children's settlements, and formerly served as a volunteer member of a foster care review panel. My credentials are set forth on my firm's web site www.deehl.com. I have reviewed all of the information that has been provided to me, or that I have researched, consisting of the following:

    a. Order Appointing Guardian Ad Litem.

    b. The entire file of Plaintiff's counsel, and I met with several lawyers at the Plaintiffs law firm including shareholders Jason R. Margulies and Michael A. Winkleman who are experienced maritime lawyers with an active trial practice handling personal injury, cruise line sexual assault and wrongful death claims.

    c. Photographs of family members on the cruise, and layout of the ship.

    d. The criminal case against the crewman's trial transcript.

    e. I spoke with the prosecutor of the criminal case to discuss trial-related issues.

    f. I have discussed the liability/damage analysis of counsel, and did research about similar cases.

    g. The Proposed Confidential Settlement Agreement and related documents.

    h. A proposed closing statement for this case.

    i. I have had discussions with the Minor Ms. Doe, her mother and her mental health counselor.

    j. I have reviewed proposed structured settlement offers, and discussed them with the minor, her mother, and her attorneys.

## RECOMMENDATIONS

2.      The minor and her custodial parent are of the opinion that this proposed settlement is in the best interests of the minor, as are her attorneys.  The undersigned is also of the opinion that the proposed settlement for the minor is in the best interest of the minor child, and recommends the Court approve it.

3.      I believe that the confidential settlement amount is reasonable for the injuries to the minor and the liability facts, as they have been related to me, and I stand ready to discuss this with the Court *in camera*, in its *parens patria* role.  Although personally opposed to confidential settlements, there are times when they serve the interests of the parties, such as this.  It is my opinion that it was reasonable for the child's mother to enter into a contingency fee contract with the law firm Lipcon, Margulies, Alsina & Winkleman, P.A, a law firm comprised of eight maritime attorneys representing injured plaintiffs since 1971, to represent the child in this matter. The firm has a focus on admiralty, maritime, and litigation against cruise lines.

4.      The undersigned has reviewed the attorneys' fees sought and has determined that the proposed distributions to the attorneys are reasonable attorneys' fees for this matter and for the excellent quality and quantity of work performed.  The Plaintiff's firm will absorb its internal and other costs, except for one expert witness whose reasonable costs advanced will be reimbursed to Plaintiffs' counsel by the Plaintiff through this settlement of her claim.  Upon request, the amounts will be available to the Court for *in camera* review, as they are set forth on the closing statement and related documents I have reviewed.

5. The Defendant has agreed to provide a structured settlement as part of the settlement terms, so that the minor can benefit from periodic payments backed by an annuity. As most of the funds will be paid directly to the minor following her majority, this Court need not insist that a guardianship account be established in Miami, Florida under the supervision of the probate and guardianship division of the Miami-Dade County Circuit Court.

6. The undersigned waives the award of an attorney's fee to the Guardian Ad Litem for the time incurred in serving the minor and the Court, as he is doing this work on a *pro bono* basis.

> Florida Statutes § 744.301 provides in part:
>
> (4) (a) In any case where a minor has a claim for personal injury, property damage, or wrongful death in which the gross settlement for the claim of the minor exceeds $ 15,000, the court may, prior to the approval of the settlement of the minor's claim, appoint a guardian ad litem to represent the minor's interests. … (b) Unless waived, the court shall award reasonable fees and costs to the guardian ad litem to be paid out of the gross proceeds of the settlement.

Reasonable attorney's fees for the Guardian Ad Litem, are being waived by the undersigned as contemplated by the Statute.

7. Lastly, I request that the Court release the undersigned from further responsibility in this matter after approving the settlement, reviewing the documentary evidence of the transfer of funds for attorneys' fees and costs, and the completion of the paperwork including the structured settlement.

WHEREFORE, the undersigned requests this Honorable Court approve the proposed minor's settlement for Jane Doe, as described, the proposed attorneys' fees and costs distribution, direct the deposit and transfer of funds as recommended, and discharge the Guardian Ad Litem from all further responsibility for this matter, after his review of the payments, transfers and related documents is complete, together with such other and further relief as this Court deems proper.

>DEEHL & CARLSON, P.A.
>Guardian Ad Litem for Jane Doe
>501 NE 1st Avenue, Suite 301
>Miami, FL 33132
>Telephone:    (305) 448-9111
>Facsimile:    (305) 442-0441
>BY:           /s/
>     DAVID L. DEEHL

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2012 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will notify all counsel of record.

>Respectfully submitted,
>DEEHL & CARLSON, P.A.
>Guardian Ad Litem for Jane Doe
>501 N.E. 1st Avenue, Suite 301
>Miami, FL 33132
>Telephone:    (305) 448-9111
>Facsimile:    (305) 442-0441
>BY:           /s/
>     DAVID L. DEEHL
>     Fla. Bar No. 350265

**DEEHL & CARLSON, P.A., 501 NE 1st AVENUE, SUITE 301, MIAMI, FL 33132**